10-3323-cv
Local No. 38 International Brotherhood of Electrical Workers Pension Fund v. American Express

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOCAL NO. 38 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS PENSION FUND,

> *Plaintiff-Appellant,*

JOHN BAYDALE, Individually and on behalf of all others similarly situated,

> *Plaintiff,*

> v.                                                             No. 10-3323-cv

AMERICAN EXPRESS COMPANY, KENNETH I. CHENAULT,
and DANIEL T. HENRY,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR APPELLANT:    BETH A. KASWAN (Thomas Laughlin, *on the brief*), Scott + Scott LLP, New York, NY.

FOR APPELLEES:    ROBERT E. ZIMET (Susan L. Saltzstein, William F. Clarke, Jr., and James Grohsgal, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.


Appeal from a July 19, 2010 judgment entered in the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Lead plaintiff Local No. 38 International Brotherhood of Electrical Workers Pension Fund ("plaintiff") brought this putative class action against American Express Company, and two of its senior corporate officers, Kenneth I. Chenault and Daniel T. Henry (jointly, "defendants"). In its complaint, plaintiff alleged that defendants violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), by misleading investors about American Express's underwriting guidelines and its exposure to delinquent cardholder payments. Defendants moved to dismiss the suit, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted this motion, and plaintiff now appeals. We assume the parties' familiarity with the facts, procedural history, and legal issues currently before us.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "In conducting this review, we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A complaint alleging securities fraud must satisfy Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Additionally, we have interpreted the pleading standards of the Private Securities Litigation Reform Act, codified at 15 U.S.C. § 78u-4(b), to require that a defendant's intent be pleaded and based on "facts [either] (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007), the Supreme Court explained that, in the context of the pleading requirements set forth in the PSLRA, "[a] complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."

"In a typical § 10(b) private action a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5)

2

economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008). As the District Court correctly held, plaintiff failed to plead facts establishing defendants' scienter. Plaintiff asserts that Chenault and Henry made false statements denying that American Express had purposefully relaxed its underwriting standards, but fails to satisfactorily allege what specific contradictory information Chenault and Henry possessed or when they possessed it. *Local No. 38 IBEW Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 461 (S.D.N.Y. 2010).

As the District Court aptly summarized:

> The Complaint's allegations, taken collectively, reveal a company attempting to increase its share of the credit card market during significant financial turmoil. That [American Express's] losses were higher than those of its competitors does not alone support the inference that Defendants acted with intent or reckless disregard. The more compelling inference is that Defendants' aggressive growth strategy was sideswiped by the collapse of the credit markets. *See Tellabs*, 551 U.S. at 314 (plaintiff's inference must be "more than merely plausible or reasonable"). While Plaintiff musters twelve confidential witnesses, not one of them can identify a single specific report containing adverse credit data or relaxed underwriting guidelines.

*Id.* at 463 (citation omitted).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the judgment below for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion. *Local No. 38*, 724 F. Supp. 2d 447.

## CONCLUSION

We have considered each of plaintiff's arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court